UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO. 12-CV-14019-Moore/Lynch

CONNIE STEELMAN,

    Plaintiff,

vs.

EXECUTIVE SUITES OF STUART, INC.,

    Defendant.
_____/

**EXECUTIVE SUITES OF STUART, INC.'S MOTION FOR SUMMARY JUDGMENT OF DISMISSAL WITH PREJUDICE & INCORPORATED MEMORANDUM OF LAW**

    Defendant, EXECUTIVE SUITES OF STUART, INC. (hereinafter referred to as "Defendant"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby moves for summary judgment of dismissal with prejudice. In support thereof, Defendant states as follows:

**STATEMENT OF MATERIAL FACTS**

    1.    Plaintiff, CONNIE STEELMAN (hereinafter referred to as "Plaintiff"), alleges in her Complaint [DE 1], *inter alia*, that she "acts as a 'tester' on behalf of herself, and other persons with disabilities, for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations." [DE 1] ¶ 3.

    2.    Plaintiff claims that there are architectural barriers existing at a property, referred to in the Complaint as "the Facility," of which Defendant is the "owner, lessee and/or operator." *See* Complaint [DE 1] ¶ 6. Plaintiff alleges these barriers constitute violations of the Americans With

Disabilities Act ("ADA"). [DE 1] ¶ 17.

3. The Complaint sets forth a list of features of the property alleged to be in violation of the ADA. [DE 1] ¶ 17. In conclusory fashion, the allegations provide that the features are "inaccessible" or "lack needed maneuvering clearance." [DE 1] ¶ 17. Defendant has denied these allegations. *See* Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint. [DE 10] ¶ 17.

4. Significantly, the Complaint alleges that the "listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA." [DE 1] ¶ 18.

5. On April 23, 2012, Plaintiff filed a handwritten letter to the Court providing notice that she was electing to represent herself and dismissing her counsel. *See* [DE 16]. The only contact information that Plaintiff provided to the Court and counsel was a P.O. Box.

6. That same day, Plaintiff's former counsel filed a Notice of No Objection to Plaintiff's Motion to Withdraw as Attorney [DE 17], and on April 24, 2012, it was granted [DE 18].

7. On May 18, 2012, the undersigned had written to Plaintiff informing Plaintiff that as of the date of that letter, the alleged violations listed in the Complaint do not exist and the matter should be resolved in its entirety. No response to that letter was ever received by the undersigned.

8. Having heard no response from Plaintiff, on August 3, 2012, the undersigned again wrote to Plaintiff indicating that all of the provisions of the ADA have been complied with by the Defendant, scheduling Plaintiff's deposition, and serving Interrogatories, Request for Production and Request for Admissions upon Plaintiff.

9. On August 8, 2012, the undersigned finally conferred with Plaintiff about trying to resolve the matter and scheduled an inspection of the Facility. That inspection was conducted on August 14, 2012, and after Plaintiff had the opportunity to tour the Facility, Plaintiff was pleased with the fact that Defendant had not delayed in making any of the changes and that the alleged barriers to accessibility had been removed and that the Facility was in compliance with the ADA. *See* Plaintiff's deposition transcript of 5:1-9:5 and 18:23-20:4.

10. As of the date of filing the instant motion, Plaintiff has conducted no formal discovery to date, nor has she provided substantive responses to the discovery propounded upon her by Defendant, including Request for Admissions served August 3, 2012. Plaintiff's failure to timely respond to the Request for Admissions conclusively establishes Plaintiff's claims are subject to dismissal with prejudice based upon the admissions of the Plaintiff.

11. Moreover, Plaintiff has not served the required Rule 26 disclosures that would ostensibly evidence and identify comprehensively and in detail the alleged ADA violations of the subject property. *See* the Docket generally.

12. For the reasons set forth below, summary judgment of dismissal with prejudice is proper.

## MEMORANDUM OF LAW

### 1. Defendant's Request for Admissions conclusively establishes there is no material issue of fact.

On August 3, 2012, Defendant served Interrogatories, Request for Production, and Request for Admissions on Plaintiff. Plaintiff has failed to respond to the Request for Admissions in a timely manner and therefore, the requests are deemed admitted. The following facts have been conclusively

established[1]:

1. Plaintiff is not sui juris.

2. Plaintiff is not disabled as defined by the ADA.

3. Plaintiff has full and equal access to all of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Facility which is at issue in this case, that being the Executive Suites of Stuart property.

4. Plaintiff is not a "tester" for the purpose of discovering, encountering, and engaging in discrimination against disabled and public accommodations.

5. Plaintiff suffered no legal harm and legal injury as a result of anything Defendant has or has not done as it relates to alleged illegal barriers to access in violation of the ADA.

6. Plaintiff has no plans in the future on visiting the Facility, that being the Executive Suites of Stuart property.

7. The Defendant has not discriminated against Plaintiff.

8. The Defendant has not discriminated against Plaintiff or others with disabilities.

9. There are no unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Facility which is at issue in this case, that being the Executive Suites of Stuart property, as set forth in paragraph 17 of the Complaint.

10. The Facility is in compliance with the ADA and ADAAG.

Failure to respond in a timely fashion is deemed an admission. *Quasius v. Schwan Food Co.*, 596 F.3d 947, 950-51 (8th Cir. 2010); *Fabriko Acquisition Corporation v. Prokos*, 536 F.3d 605, 607 (7th Cir. 2008).

An admission is deemed conclusively established unless the Court permits withdrawal or

---

[1] The Request for Admissions to Plaintiff are filed pursuant to Local Rule 26.1.

amendment of the admission. *Fabriko Acquisition Corporation, supra*; *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 44 (S.D. N.Y. 1997) ("Rule 36 responses become, in effect, sworn evidence that is binding upon the respondent at trial.").

A matter formally admitted under Rule 36 is conclusively established. *Praetorian Ins. Co. v. Site Inspection, LLC*, 604 F.3d 509 (8th Cir. 2010) (admission under the Rule 36 cannot be overcome by offering contradictory affidavits); *Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1352 (Fed. Cir. 2007).

Plaintiff does not have standing to bring this action; therefore, Plaintiff's claim should be dismissed. *See* Defendant's First Affirmative Defense [DE 10].

Plaintiff's admissions conclusively establish Plaintiff lacks the evidence necessary to support the essential elements of her claim.

### 2. **Plaintiff's allegations are conclusory and Plaintiff has failed to conduct any discovery or produce evidence supporting them.**

Plaintiff's Complaint is little more than a collection of conclusory allegations: she alleges, *inter alia*, that "the Facility is a public accommodation and service establishment;" that Plaintiff serves as a "tester;" that in her "individual capacity for personal reasons, and as a 'tester'" Plaintiff visited the Facility in question at some unidentified date and time; that she encountered "barriers to access"; that she "suffered legal harm and legal injury ... as a result of the illegal barriers to access and Defendant's ADA violations set forth herein." [DE 1] ¶ 11, 4. There are no allegations of the type of public accommodation or of goods and services to which Plaintiff was allegedly "denied access." [DE 1] ¶ 19.

Paragraph 17 of the Complaint, which purportedly sets forth these alleged violations, itself

simply consists of a conclusory recitation of non-compliance and inaccessibility. The paragraph contains seventeen (17) lettered subparagraphs setting forth formulaic and conclusory allegations that various features of "the Facility" are "inaccessible" or "lack needed maneuvering clearance" - both unspecified and undescribed - and therefore in violation of various ADAAG provisions. Even if the subject matter of the referenced ADAAG provisions were fully set out, which they are not, it would still be impossible for Defendant or the Court to have any idea what specific non-compliance or insufficiency exists.

These allegations are precisely the kind of "threadbare recital of the elements of a cause of action" held insufficient by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). They are also the type of conclusory statements that do not bear a "presumption of truth" when challenged by a 12(b)(6) motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327 (11th Cir. 2010); *Brigliadora v. Wells Fargo Bank, N.A.*, 2011 WL 5964617, Slip. Op. (11th Cir. 2011). Although Defendant has answered the Complaint, and the instant motion is pursuant to Fed. R. Civ. P. 56(a) rather than Fed. R. Civ. P. 12(b)(6), as noted previously, Plaintiff has failed to conduct any discovery or produce any record evidence to support the allegations in the Complaint. As such, summary judgment is proper. *See Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) ("[t]he moving party bears 'the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, it any, which it believes demonstrate the absence of a genuine issue of material fact'") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted)). To survive summary judgment, the non-movant may not merely rest upon allegations contained in

the pleadings, *Compania de Elaboradoros de Café v. Cardinal Capital Management, Inc.*, 401 F. Supp. 2d 1270, 1275 (S.D. Fla. 2003), and, instead, "must come forward with sufficient evidence to withstand a directed verdict motion." *Hickson*, 357 F.3d at 1260; *see also Cardinal*, 401 F. Supp. 2d at 1274-75 (specifying that plaintiffs had to come forward and present sufficient "proof concerning the essential elements of their claim"). "[A] non-moving party's failure to prove an essential element of a claim renders all factual disputes as to that claim immaterial and requires the granting of summary judgment." *Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1370 (11th Cir. 1997) (summarizing the summary judgment standard articulated by the Supreme Court in *Celotex*). "the mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Carl v. Republic Sec. Bank*, 282 F. Supp. 2d 1358, 1365 (S.D. Fla. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

Viewed another way, had Defendant defaulted and Plaintiff sought a judgment on her claim without any evidence, this Court would be unable to enter an enforceable judgment. It would be unable to enter an order any more specific that for Defendant to "comply with the ADAAG," which is no more than what the statute already provides. *See Longshoremen's Ass'n. v. Marine Trade Ass'n.*, 389 U.S. 64 (1967); *Hughey v. JMS Developmental Corp.*, 78 F. 3d 1523, 1531 (11th Cir. 1996) ("[b]road, non-specific language that merely enjoins a party to obey the law or comply with an agreement ... does not give the retained party fair notice of what conduct will risk contempt") (internal citations omitted).

Given the lack of any record evidence supporting Plaintiff's conclusory allegations, summary judgment in favor of Defendant is proper.

### 3. Defendant has removed all of the alleged violations.

Defendant has already removed all alleged barriers under the ADA. Plaintiff inspected the Facility on August 14, 2012, and found no violations of the ADA. *See* Deposition of Plaintiff, August 17, 2012, pp. 5-9 and 18-20, filed pursuant to Local Rule 26.1.

As the ADA only provides for prospective injunctive relief for violations, the matter is moot. *Kallen v. J.R. Eight, Inc.*, 775 F. Supp. 2d 1374 (S.D. Fla. 2011); *see also Norkunas v. Seahorse NB, LLC*, 444 Fed. Appx. 412, 416 (11th Cir. 2011) ("[t]he ADA provides only prospective injunctive relief for violations and does not allow for damages for past discrimination or past remedied violations"); *Mayberry v. Von Valtier*, 843 F. Supp. 1160, 1167 (E.D. Mich. 1994).

### 4. Plaintiff is not entitled to attorneys' fees.

Even assuming that veracity of Plaintiff's conclusory allegations without any record support, Plaintiff would not be entitled to attorneys' fees. Under Title III of the ADA, plaintiffs "cannot recover their attorney's fees for serving as a 'catalyst,' i.e., that they caused [the defendant] to implement the changes they sought." *American Ass'n of People with Disabilities v. Harris*, 647 F.3d 1093, 1108 n. 33 (11th Cir. 2011); *Kallen v. J.R. Eight, Inc.*, 775 F. Supp. 2d 1374 (S.D. Fla. 2011) (same). Moreover, as Plaintiff is appearing *pro se*, she is not entitled to an award of attorneys' fees. *Kay v. Ehrler*, 499 U.S. 432 (1991); *Celeste v. Sullivan*, 988 F. 2d 1069 (11th Cir. 1992).

### CONCLUSION

Defendant's Request for Admissions have conclusively established Plaintiff lacks the evidence necessary to support the essential elements of her claim, so that summary judgment of dismissal *with* prejudice is appropriate.

As set forth above, even overlooking the conclusory nature of the allegations in the

Complaint, Plaintiff may not merely rest upon the allegations in her pleadings in order to survive summary judgment under the Federal Rules. Nevertheless, Plaintiff has failed to conduct any discovery or proffer evidence supporting these allegations.

Moreover, Plaintiff has inspected the property and found no ADA violations, making Plaintiff's claims moot.

Finally, Plaintiff is not entitled to attorneys' fees, because she is proceeding *pro se*; nor is she entitled to recover attorneys' fees under a "catalyst" theory.

WHEREFORE, Defendant requests entry of summary judgment of dismissal *with* prejudice.

Respectfully submitted,

s/ George W. Bush, Jr., Esq.
George W. Bush, Jr. (Florida Bar No. 0892572)
gwbush@foxwackeen.com
Fox, Wackeen, Dungey, Beard, Bush, Goldman, Kilbride & Mccluskey, LLP
The Tower Building at Willoughby Commons
3473 S.E. Willoughby Boulevard
PO Drawer 6
Stuart, Florida 34995-0006
Telephone: (772) 287-4444
Facsimile: (772) 220-1489
Attorneys for Defendant, Executive Suites of Stuart, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September, 2012, the foregoing was filed electronically with the Clerk of Court, to be served by operation of the Court's electronic filing system upon the following:

> Connie Steelman
> PO Box 917
> Jensen Beach, Florida 34958
> Pro Se Plaintiff

> Respectfully submitted,
>
> s/ George W. Bush, Jr., Esq.
> George W. Bush, Jr. (Florida Bar No. 0892572)
> gwbush@foxwackeen.com
> Fox, Wackeen, Dungey, Beard, Bush, Goldman, Kilbride & Mccluskey, LLP
> The Tower Building at Willoughby Commons
> 3473 S.E. Willoughby Boulevard
> PO Drawer 6
> Stuart, Florida 34995-0006
> Telephone:  (772) 287-4444
> Facsimile:  (772) 220-1489
> Attorneys for Defendant, Executive Suites of Stuart, Inc.