IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:12-cv-14019-KMM

CONNIE STEELMAN,

    Plaintiff,

vs.

EXECUTIVE SUITES OF STUART, INC.,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment (ECF No. 30). Plaintiff failed to file a response. UPON CONSIDERATION of the Motion, the pertinent portions of the Record, and being otherwise fully advised in the premises, this Court enters the following Order.

## I. BACKGROUND

Plaintiff's Complaint contains a single claim for injunctive relief under the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. pt. 36 (the "ADAAG"). Plaintiff, a resident of Florida, is confined to using a wheelchair for mobility purposes. Compl., ¶ 2 (ECF No. 1). Plaintiff alleges that she acts as a "tester" on behalf of herself and other persons with disabilities "for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations." Id., ¶ 3. Defendant owns and operates the property that is the subject of this action, commonly referred to as the Executive Suites Building (the "Facility"), which is located

1

in Palm City, Florida. Id., ¶ 6. Plaintiff alleges that she attempted to gain access to the Facility, but because of her disability, could not do so. Id., ¶ 14.

On September 14, 2012, Defendant filed the instant Motion. Plaintiff did not file a response, and the time in which to do so has passed. By not responding, Plaintiff fails to contradict any evidence submitted by Defendant. Pursuant to Federal Rule of Civil Procedure 56(e), this Court is permitted to consider facts cited with support by a movant but left uncontroverted by the nonmovant as undisputed for purposes of ruling on a summary judgment motion. See Fed. R. Civ. P. 56(e); see also Head v. Cornerstone Residential Mgmt., Inc., No. 05-80280-CIV, 2010 WL 3781288, at *2 n.2 (S.D. Fla. Sept. 22, 2010) (finding that under Local Rule 7.5(d), "[u]nless a particular undisputed fact from [movant's] statement is directly addressed by [nonmovants], the [movant's] statements which are supported by evidence in the record, are deemed admitted."). Defendant argues that summary judgment in its favor is warranted because the record reflects the following undisputed facts: (1) Plaintiff has failed to produce any evidence to support her conclusory allegations; and (2) Plaintiff failed to find any ADA violations when she inspected the property. Def.'s Mot. for Summ. J., at 9 (ECF No. 30).

## II. LEGAL STANDARD

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Moreover, "A party must support its assertion that there is no genuine issue of material fact by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials.'" Ritchey v. S. Nuclear Operating Co., No. 10-11962,

2011 WL 1490358, at *1 (11th Cir. Apr. 20, 2011) (quoting Fed. R. Civ. P. 56(c)(1)). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III. ANALYSIS

This Court first addresses the issue of whether the Facility is compliant with the ADA. As the ADA only provides for prospective injunctive relief for violations, the matter will be moot if the Facility is in compliance with the ADA. See Norkunas v. Seahorse NB, LLC, 444 Fed. App'x 412, 416 (11th Cir. 2011) (noting "[t]he ADA provides only prospective injunctive relief for violations, and does not allow for damages for past discrimination or past remedied violations" (citing 42 U.S.C. § 12188(a)(1))); see also Access 4 All, Inc. v. Bamco VI, Inc., No. 11-cv-61007, 2012 WL 33163 (S.D. Fla. Jan. 6, 2012) (finding that the court may properly grant summary judgment on any claim that is moot based upon the defendant's compliance with the ADA).

Defendant contends that it has removed all barriers under the ADA. Def.'s Mot. for Summ. J., at 8. In its Request for Admissions, Defendant asked Plaintiff to admit or deny whether the Facility is in compliance with the ADA and the ADAAG. Plaintiff failed to respond,

3

which is deemed an admission. See Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). Furthermore, Plaintiff inspected the Facility on August 14, 2012 and found the Facility fully compliant with the ADA. See Pl.'s Depo., at 6–9; 19 (ECF No. 31-2). In her deposition, Plaintiff stated that after she inspected the Facility, "[W]hat I addressed in the building was compliant and I had no issues with it." Id. at 9:1–5. Since it is undisputed that Defendant has complied with the ADA, summary judgment in favor of Defendant is warranted.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant Executive Suites of Stuart, Inc.'s Motion for Summary Judgment (ECF No. 30) is GRANTED. Plaintiff Connie Steelman's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to CLOSE this case. All pending motions are hereby DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 11th day of October, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:

All counsel and pro se parties of record